UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| MICHAEL A. C. COCHREN, II, | ) |
| Plaintiff, | ) Case No. 4:24-cv-01129-JSD |
| v. | ) |
| WHITE CASTLE SYSTEMS INC., et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant White Castle Systems Inc.'s ("White Castle") Motion to Strike Plaintiff's Motion for Summary Judgment ("Motion to Strike Summary Judgment") [ECF No. 51] and Motion to Stay Proceedings [ECF No. 52], as well as *pro se* Plaintiff Michael A. C. Cochren II's ("Cochren") Motion for Summary Judgment [ECF No. 49], Motion for Withdrawal of Consent of the Magistrate Judge [ECF No 53], and Motion for Stay of Proceedings on the Matter of Default Judgment [ECF No. 55]. For the following reasons, White Castle's Motions are granted and Cochren's are denied.

### BACKGROUND

Cochren filed his Complaint against White Castle, the U.S. Equal Opportunity Commission ("U.S. EEOC"), and the U.S. St. Louis District Office of the EEOC ("STL EEOC") on August 19, 2024. [ECF No. 1].

On September 20, 2024, Cochren filed his first Motion for Summary Judgment [ECF No. 13]. On November 14, 2024, this Court denied it on the grounds that it was premature because, at the time it was filed, White Castle had not yet responded to Plaintiff's Complaint, nor had this Court set a Rule 26(f) conference or issued a scheduling order. At that time, this Court also denied

Cochren's multiple Motions for Default Judgment [ECF Nos.17, 27, 37, 38], in which Cochren argued for default judgment on the grounds that White Castle's answer to Cochren's Complaint was untimely. On December 2, 2024, Cochren filed a second Motion For Summary Judgment [ECF No. 49], requesting a hearing and reasserting his arguments that White Castle failed to respond to his Complaint in a timely way and default judgment should be entered against White Castle.

On December 9, 2024, White Castle filed a Motion to Strike Cochren's Motion for Summary Judgment [ECF No. 51] and a Motion to Stay Proceedings [ECF No. 52], requesting that this Court stay proceedings in this case until a decision is rendered on White Castle's Motion to Dismiss [ECF No. 23].

On December 10, 2024, Cochren filed a Motion for Withdrawal of Consent of the Magistrate Judge [ECF No. 53], stating that he withdrew his consent for the undersigned to preside over this matter on the grounds that he disagreed with this Court's recent rulings, and moved for a United States District Judge to be assigned to this case. Cochren also filed a Motion for Stay of Proceedings on the Matter of Default Judgment [ECF No. 55], seeking a stay of proceedings on his request for default judgment until this Court can rule in person and demands a jury for such determination and files a "counter-motion to White Castle's Motion to Strike Plaintiff's Summary Judgment as a Matter of Fact, as they **aren't** able to refute the facts stated within it." (emphasis in original).

On December 19, Cochren filed amended version of his second Motion for Summary Judgment raising the same issues as his previous Motion for Summary Judgment. [ECF No. 57]. To date, this Court has not set a Rule 26(f) conference or issued a scheduling order. Notably, both White Castle and the EEOC have filed Motions to Dismiss Cochren's claims [ECF Nos. 23, 29].

**DISCUSSION**

I.   **Motions to Strike Cochren's Motion for Summary Judgment**

Cochren's second Motion for Summary Judgment raises identical issues to his first. White Castle again asserts that the Motion is untimely should therefore be stricken. As with his previous Motion, this Court agrees and finds that Cochren's second Motion for Summary Judgment is untimely.

Pursuant to Federal Rule of Civil Procedure 56(c), "[s]ummary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Green Plains Otter Tail, LLC v. Pro-Env't., Inc.*, 953 F.3d 541, 545 (8th Cir. 2020) (citing Fed. R. Civ. P. 56(c)). "Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006) (citing *Pony Computer, Inc. v. Equus Computer Sys. of MO., Inc.*, 162 F.3d 991, 996 (8th Cir. 1996)). Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Here, Cochren's second Motion for Summary Judgment is premature. As stated above, *no* discovery has been conducted in this case. Indeed, White Castle has not even answered Cochren's Complaint, nor has this Court held a discovery conference as required by Rule 26. Courts in this District have repeatedly denied such premature motions for summary judgment without prejudice. *See Garner v. Walker,* No. 4:21-CV-00004 JAR, 2022 WL 16961340, at *2 (E.D. Mo. Nov. 16, 2022) (denying plaintiff's motion for summary judgment because it was filed before the parties

had a chance to conduct discovery); *Kinnie v. Allen*, No. 4:23-CV-980 SRW, 2023 WL 7112071, at *4 (E.D. Mo. Oct. 27, 2023), *reconsideration denied sub nom. Kinnie v. Anders*, No. 4:23-CV-980 SRW, 2024 WL 262709 (E.D. Mo. Jan. 24, 2024) (same). Consequently, this Court grants White Castle's Motion to Strike Cochren's Motion for Summary Judgment and strikes Cochren's Amended Motion for Summary Judgment on its own notice. Any further motion for summary judgment filed similarly out of time will be denied without further explanation.

## II. Default Judgment

This Court has previously addressed and denied Cochren's Motions seeking default judgment on the grounds that White Castle's response to his Complaint was untimely [ECF No. 42, at 4-5]. As such, Cochren's Motion for stay of proceedings making identical arguments is denied as moot. [ECF Nos. 55].

## III. Withdraw Magistrate Consent

In his "Withdrawal of Consent of the Magistrate Judge Within Case 4:24-cv-01129," Cochren seeks to withdraw his consent to magistrate judge jurisdiction. While Cochren may disagree with this Court's previous rulings, it does not permit Cochren to withdraw his consent to proceed before the undersigned magistrate judge. "Once a litigant has waived the right to have his case heard by a district judge by consenting to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), there is no absolute right to withdraw that consent." *Hopkins v. Steele*, No. 4:09CV1095-DJS, 2010 WL 4340257, at *1 (E.D. Mo. Oct. 27, 2010) (citing *United States v. Neville,* 985 F.2d 992, 1000 (9th Cir.1993); *Carter v. Sea Land Servs., Inc.,* 816 F.2d 1018, 1021 (5th Cir.1987)). Cochren consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c)(1) on September 20, 2024 [ECF No. 32, at 2]. As such, this Court denies Cochren's Motion to Withdraw Magistrate Consent.

## IV. Motions for Stay

"A district court has inherent power to stay its proceedings." *Stalnaker v. Johnson & Johnson*, No. 4:20-CV-00356 JAR, 2020 WL 1821006, at *1 (E.D. Mo. Apr. 10, 2020) (quoting *Simmons v. GlaxoSmithKline,* LLC, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (citation omitted)). "In determining whether to stay proceedings, a district court must exercise judgment by weighing 'competing interests' and maintaining 'an even balance.' " Id. (quoting *Bledsoe v. Janssen Pharm.*, No. 4:05CV02330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006)). When "considering a motion to stay, a Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Lafoy v. Volkswagen Grp. of Am., Inc.*, No. 4:16CV00466, 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016) (citation omitted).

This Court finds that a stay of litigation is warranted in this case. The interests of judicial economy are great. Since White Castle and the EEOC have filed their respective Motions to Dismiss, Cochren has filed multiple Motions or "notices", several of which address identical issues, or are premature. This is a significant draw on Court resources when the pending Motions to Dismiss may resolve this case in its entirety – particularly when this Court has already addressed the issues Cochren is repeatedly raising. Moreover, it would cause minimal hardship to the parties. Should this Court deny the Defendants' respective Motions to Dismiss, litigation will resume as usual. If this Court grants them, the case is concluded. Therefore, this Court stays proceedings in this matter until the Court rules upon the pending Motions to Dismiss. [ECF Nos. 23 and 29]

Accordingly,

**IT IS HEREBY ORDERED** that White Castle's Motion to Strike Plaintiff's Motions [ECF No. 51] is **GRANTED.**

**IT IS FURTHER ORDERED** that Cochren's Motion for Summary Judgment [ECF No. 49] is **STRICKEN.**

**IT IS FURTHER ORDERED** that White Castle's Motion to Stay Proceedings [ECF No. 52] is **GRANTED**.

**IT IS FURTHER ORDERED** that Cochren's Withdrawal of Consent of the Magistrate Judge Within Case 4:24-CV-01129 JSD is **DENIED.**

**IT IS FURTHER ORDERED** that Cochren's Motion for Stay of Proceedings on the Matter of Default Judgment in Case 4:24-cv-01129 is **DENIED** as moot.

**IT IS FUTHER ORDERED** that Cochren's Amended Motion for Summary Judgment as a Matter of Fact [ECF No. 57] is **STRICKEN.**

**IT IS FINALLY ORDERED** that a status conference is set for **January 17, 2025 at 10 a.m.** in Courtroom 17N before the undersigned.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 19th day of December, 2024.